# Stephenson *v.* Atlas Coal Co.

*Bill to Cancel Executed Contract for Partial Failure of Consideration.*

(Decided May 17th, 1906.  41 So. Rep. 301.)

1. *Contracts; Cancellation; Grounds.*—Neither inadequacy of consideration, mistake in law, or partial failure of consideration, in the absence of fraud, will authorize the cancellation of a contract.

2. *Equity; Pleadings; Motion to Dismiss.*—On motion to dismiss for want of equity all amendable defects of the bill must be taken as cured, but this rule does not mean that the bill is to be considered as amended so as to give it equity by the averment of new, additional or independent facts; but only as to amendable defects apparent from the bill from its averments.

3. *Same; Amendment; Time.*—Time will not be allowed for amendment after decree on motion to dismiss for want of equity.

[Stephenson v. Atlas Coal. Co.]

APPEAL from Walker Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by H. W. Stephenson against the Atlas Coal Company. From a decree sustaining a motion to dismiss for want of equity, complainant appeals.

D. A. McGREGOR, and SMITH & SMITH, for appellant. —The bill contained equity and its dismissal error.—15 A. & E. Ency. of Law, p. 1002; 10 A. & E. Dec. p. 37; *Long v. Ga. Pac. R. R. Co.*, 91 Ala. 519. If the bill was amendable it was improperly dismissed in vacation without giving an opportunity for amendment.—3 Mayfield, p. 333.

LONDON & LONDON, for appellee.—Inadequacy of consideration alone is not sufficient to authorize cancellation.—3 Pomeroy, 826 and 928. Fraud, mistake of law must be alleged in the aid of partial payment before cancellation.—*Bell v. Lawrence*, 51 Ala. 160; *Ex parte Hayes*, 92 Ala. 120; *Stacey v. Walter*, 125 Ala. 291. Under the allegations of the bill the status quo cannot be restored.—*Piedmont Co. v. Piedmont*, 96 Ala. 389. Complainants have been guilty of laches.—*Allgood's case*, 115 Ala. 418; *Dean v. Oliver*, 131 Ala. 634.

DOWDELL, J.—The purpose of the bill filed in this case is the cancellation of an executed contract on the ground of a partial failure of consideration. No fraud is alleged. The cause was submitted on motion to dismiss the bill for want of equity, and was held for decree in vacation. A decree was rendered in vacation sustaining the motion and dismissing the bill for want of equity. From this decree the present appeal is prosecuted.

Mere inadequacy of consideration is not sufficient to authorize the cancellation of a contract.—3 Pom. Eq. Ju. 826-928. Nor will mistake in law or partial failure of consideration, in the absence of fraud, authorize the cancellation of a contract.—*Bell v. Lawrence's Adm'r*, 51 Ala. 160; *Ex parte Hayes*, 92 Ala. 120, 9 South. 156;

28.

*Stacy v. Walker,* 125 Ala. 291, 28 South. 89, 82 Am. St. Rep. 235. The rule is well established in this court that, on a motion to dismiss a bill for want of equity, the bill must be taken and considered as amended in all amendable defects. This, however, is not to be understood that the bill is to be considered as amended so as to give it equity by the averment or averments of new, additional, or independent facts, but only as to amendable defects apparent on the face of the bill from the averments there-in contained.—*Blackburn v. Fitzgerald,* 130 Ala. 584, 30 South. 568. The plain sense of the rule in taking the bill as amended in all amendable defects on a motion to dismiss for want of equity leaves no room for argument or reason for granting time for amendment of the bill after decree on motion to dismiss for want of equity.

The decree dismissing the bill for want of equity is free from error.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.