# Royal *v.* Goss, *et al.*

### *Ejectment.*

(Decided Dec. 19, 1907.   45 South. 231.)

1. *Contracts; Duress; Effect.*—A contract made under duress is, ordinarily, voidable only and subject to repudiation or affirmance by the party making it; but when the duress is so severe as to render the party contracting an automaton merely to register the will of the party exercising the duress, it is void.  The contract in this case held to come under the first class, on the facts shown.

2. *Same; Deeds; Duress; Innocent Purchaser; Effect on.*—A deed executed under duress, though voidable against one acquiescing in the duress or with notice thereof, upon the vendor's seasonably disaffirming the deed and placing the parties in statu quo, is not voidable as against a purchaser for value, without notice.

3. *Contract; Duress.*—The rule that applies to agreements void for duress, and their rescission, is the same as that applied to the rescission of contracts obtained by fraud.

4. *Cancellation of Instruments; Legal and Equitable; Restoration.*—A court of law has the power only to enforce a contract or to declare it null and void, while a court of equity may enforce the contract or declare it void or voidable and annul it upon conditions that the parties thereto be placed in statu quo.

5. *Same.*—Where a purchaser paid a mortgage on the land, which was part of the consideration of the deed, the grantor seeking to avoid the deed for duress must repay the amount so paid on the mortgage within a reasonable time after the removal of the duress, or the deed will be binding.

6. *Husband and Wife; Conveyance by Wire; Validity.*—Where the husband is insane the wife may convey her real estate as if she were single.—Section 2528, Code 1896.

7. *Appeal; Questions; Reviewable; Harmless Error.*—Where the judgment is for the proper party and the matters sought to be reviewed will not affect the result. or could not, on another trial, change the result, the rulings as to such matters are harmless error.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. R. COLEMAN.

Ejectment by Sarah E. Royal against Peter F. Goss and others.  From a judgment for defendants, plaintiff appeals.  Affirmed.

[Royal v. Goss, et al.]

The plaintiff claimed title through a deed of gift executed by C. Royal on the 6th day of May 1882, and proof of prior possesson. The defendants claim through a deed with general covenants of warranty executed by plaintiff and her husband, C. Royal, to the defendants Robinson & Jones on the 11th day of April, 1894. The recited consideration of this deed was $4,000 in cash paid to the plaintiffs and the assumption of a mortgage indebtedness of $4,000 owing by plaintiffs to the Prudential Life & Trust Company. This deed was duly executed, acknowledged, and recorded. Plaintiffs then introduced testimony the tendency of which was to show that plaintiff was coerced by threats of her husband into executing the deed to Robinson & Jones, and also that her husband was insane at the time of the execution of the deed, and that Jones had notice of the duress. The testimony as to the duress tended to show that Mrs. Royal was unwilling to sign the deed; that her husband was in a bad way and very harsh to her; that she was sent for to come into the room three times before she came; that her children were sick at the time; and that her husband insisted that she sign the deed, and accompanied the insistence with threats about what he would do if she refused to sign. The testimony further tended to show that the whole of the $4,000 cash consideration was paid by Robinson & Jones by a check payable to the order of the plaintiff, and that the plaintiff's husband coerced her to indorse the check to him, and that he collected the proceeds. It was shown without dispute that the notary before whom the acknowledgments were taken was present at the residence of plaintiff and her husband when the deed was executed and that he fully interrogated the plaintiff and her husband in reference to their voluntary execution of the deed. The testimony for the defendants tended to show that they were without notice of the du-

ress practiced on the wife by the husband, and that part of the recited consideration was paid in cash to plaintiff and the balance by check payable to order ot plaintiff. It was undisputed that the defendants Robinson & Jones, several months after the delivery of the deed, paid over the mortgage indebtedness assumed by them, amounting to $4,000, and procured a cancellation of the mortgage and notes, which mortgage and notes, duly executed and acknowledged, were introduced in evidence and showed on their face that they were the obligations of the plaintiff alone. It was without conflict shown that at the time of the payment of the mortgage by defendants that no complaint of any kind had been made by plaintiff and that they had no information of any intention on her part to disaffirm the transaction. The testimony further tended to show that the first step towards any disaffirmance of the transaction was by a bill filed by plaintiff something more than four years after the delivery of the deed, and the undisputed testimony further showed that the plaintiff had not, prior to the institution of this suit or at any other time, tendered defendants, Robinson & Jones, any part of the consideration paid for the deed, and that she had not tendered the amount paid by them in satisfaction of the mortgage which they assumed on receipt of the deed. At the conclusion of the evidence the court on request gave the general affirmative charge.

B. M. Allen, and Stallings & Nesmith, for appellant. Ejectment is the proper remedy for the recovery of lands, the conveyance of which was obtained by fraud, if the plaintiff be out of possesson.—*Peoples v. Burns*, 77 Ala. 292; *Brown v. Hunter*, 121 Ala. 210; *Wilkerson v. Wilkerson*, 129 Ala. 279; *Wilkerson v. Lehman Durr Co.*, 136 Ala. 463; *Penny v. B. & A. M. Co.*,

132 Ala. 357; 131 Ala. 280; 133 Ala. 504. Duress is a species of fraud, and gives no ground for equitable interference.—133 Ala. 504. The wife may recover because of fraud or undue influence on the part of the husband in which the grantee participated, or which he induced, or to which he was a privy, or of which he was informed. —*Moore v. Dade*, 58 Ala. 211; *Rogers v. Adams*, 66 Ala. 600; 69 Ala. 98; 73 Ala. 387; 85 Ala. 260; 90 Ala. 170. There is no such thing as an equitable estoppel in a court of law.—99 Ala. 281; 100 Ala. 459; 130 Ala. 389; 132 Ala. 348. The wife does not have to make a tender in order to redeem a homestead.—140 Ala. 575. If the husband was insane, the wife was entitled to recover on her actual prior possession, although both deeds were void.—*Blanton v. Smith*, 114 Ala. 463; 109 Ala. 377; 103 Ala. 384; 84 Ala. 212. Notice to Allen was notice to his principals.—85 Ala. 434. Notice to Jones was notice to Robinson.—*Kendrck v. Collier*, 42 South. 110. A willing mind on the part of the wife is requisite to the validity of the deed made by her.—*Holt v. Agnew*, 67 Ala. 369.

ROBERT N. BELL, and TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. A deed executed under duress is voidable only and not absolutely void.—*Treadwell v. Torbert*, 133 Ala. 507; *Van Cleave v. Wilson*, 73 Ala. 387; *Moog v. Strong*, 69 Ala. 98; *Rogers v. Adams*, 66 Ala. 600; *Moses v. Dade*, 58 Ala. 211; *Cahall v. Bldg. Assn.*, 61 Ala. 232. One without notice of the fraud or duress who purchases for value holds the estate purged of such fraud or duress.—3 Washburn on Real Property, sec. 2. Any recognition of the instrument is an implied waiver of the duress.—*Langley v. Andrews*, 38 South. 240; 10 A. & T. Ency. of Law, 334. A party cannot affirm a contract in part and repudiate it in part.—9 Cyc.

435; 115 Ala. 418; 113 Ala. 519; 86 Ala. 116; 82 Ala. 302; 81 Ala. 468; 30 South. 365.

ANDERSON, J.—"In general, a contract made under duress is only voidable and not void; hence the one on whom the duress has been imposed may either repudiate or affirm it. There are cases, however, in which the severity of the duress is such that the person on whom it is imposed is converted into a mere automaton for the purpose of obeying the command and registering the will of the person who imposes it. In such cases the formal contracting is simply null and of no effect."—10 Am. & Eng. Ency. Law (2d Ed.) 334. The duress attempted to be set up by the plaintiff in the case at bar, if it existed, was of that character that would render the deed voidable, and not void.—*Treadwell v. Torbert*, 133 Ala. 507, 32 South. 126. A conveyance executed under duress is not voidable against a purchaser for value and without notice.—*Vancleave v. Wilson*, 73 Ala. 387; *Moof v. Strang*, 69 Ala. 98; *Rogers v. Adams*, 66 Ala. 600. But a vendor who conveys land under duress can disaffirm the sale, when seasonably expressed, and by placing the partes in statu quo as against one who acquiesced in the duress or had notice thereof; that is, by returning or offering to return the consideration within a reasonable time after the removal of the duress.— Newell on Eject. 488. A contract or conveyance under such character of duress as is set up by the plaintiff in the case at bar would be merely voidable, and not void; for the consent was present, although not such a full consent as the law requires. "And the limits to the right of rescission of a contract obtained by fraud apply likewise to agreements voidable for duress."—9 Cyc. p. 443. The whole doctrine involved in reference to the rescissions of contracts for fraud and duress is based largely

on the provisions governing rescission as an equitable remedy. The substantial difference is that a court of equity decrees rescission or cancellation upon certain terms which require the party seeking relief to do equity, and which it can do, whether the party has restored or offered to restore the consideration or not, and which has been held not to be a condition precedent for relief; whereas, in a court of law the court only has the power to enforce or annul the contract and cannot compel a restoration of the consideration as a condition to relief, and a complaining party must therefore voluntarily put the other party in statu quo as a condition precedent to relief.—6 Cyc. 285; *Garner v. Leverett,* 32 Ala. 413; *Ansley v. Bank of Piedmont,* 113 Ala. _75, 21 South. 59, 59 Am. St. Rep. 122. So, too, should money paid out to protect a title to the thing which forms the consideration of .the contract, and the payment of which was provided for or contemplated by the parties, be restored before rescission.—*Kennedy's Heirs v. Kennedy's Heirs,* 2 Ala. 571; *Loxley v. Douglas,* 121 Ala. 576, 25 South. 998; *Robertson v. Bradford,* 73 Ala. 118.

Conceding that Mrs. Royal, the plaintiff, got no part of the $4,000 paid as a part of the purchase money and would not have to restore that sum in order to rescind the sale of the land, if made under duress, the payment of the $4,000 mortgage then on the land was a part of the consideration for the deed and was so expressed. It was paid by the defendants under the very terms of the conveyance and ceased to be a charge upon the land, and the plaintiff cannot accept the fruits of the conveyance and at the same time avoid the burdens. There must be a rescission in toto or not at all, and the plaintiff, as a condition precedent to avoid the deed, had to show that she repaid the defendants the amount paid out by them in satisfaction of the mortgage, or offered to do so with-

[Royal v. Goss, et al.]

in a reasonable time after the removal of the duress. Failing to do so the deed was binding on her, whether made under duress or not, and its introduction in evidence proved the title out of her and in the defendants.

The plaintiff below made some effort to prove that the husband was insane when he made the deed to her and when he joined in the one from her to the defendants. Conceding that he was when he conveyed to her, and that the deed was void, which we do not decide, this fact would not improve her title, as it would be in the heirs, and not her. On the other hand, if he was insane when he joined with the plaintiff in the deed to the defendants, that fact would not impair their title. The deed was executed in 1894, and the statute then existing and as it now is on this subject provided that the wife could alienate her real estate as if she were sole, if the husband was a non compos mentis.—Section 2348 of the Code of 1886; section 2528 of the Code of 1896.

Since the defendant was entitled to the general charge, it is needless for us to consider the other assignments of error, as the questions therein involved, whether decided correctly or not by the trial judge, could not, if otherwise decided, change the result.

The judgment of the circuit court is affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.