# Rice, *et al.* v. Henderson-Boyd Lumber Co., *et al.*

### Bill to Quiet Title.

(Decided November 23, 1916.   73 South. 70.)

1. **Deeds; Execution; Duress.**—Where a creditor threatened to send his debtor to the penitentiary if the debtor's mother and brothers and sisters did not execute a deed to certain land in satisfaction of the indebtedness, and the debtor was in fact arrested and confined in jail for four days under a criminal charge, and under such circumstances the deed was executed and the debtor released, the deed will be set aside in equity.

2. **Vendor and Purchaser; Bona Fide Purchaser; Consideration.**—Where a defendant corporation purchased from another corporation, which had practically the same stockholders, the assets of the latter corporation paying the consideration therefor either to the bankruptcy court or to some one for the creditors, and at that time knew nothing about land which had been deeded by complainants under duress to the manager of the bankrupt corporation, but on afterwards being told by such manager that he held title to

the land for the bankrupt corporation, accepted a deed therefor, such purchasing corporation was not a bona fide purchaser for value without notice.

3. **Quieting Title; Who May; Possession.**—Where a widow and one of her children are living peaceably upon land under claim of ownership as heirs of her deceased husband, and no dower has been assigned or proceedings instituted to that end, she and the other heirs may maintain a bill under § 5443, Code 1907, to quiet title to such land.

4. **Pleading; Defect; Cure by Subsequent Pleading.**—In a bill to quiet title a deed executed by complainant under duress may be set aside despite lack of averments of duress in the bill, where the answer sets up claim to title through such deed, and alleges that complainants claim fraud in its execution, which claim respondents seek to avoid by showing purchase for value without notice.

APPEAL from Geneva Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by Pinkie E. Rice and others against the Henderson-Boyd Lumber Company and others. From a decree for respondents, complainants appeal. Reversed and rendered.

The original bill was filed by Pinkie E. Rice, widow of William S. Rice, deceased, and by his heirs at law, with the exception of Mattie Elam and John Rice, heirs who are made parties respondent with the Henderson-Boyd Lumber Company, a corporation. The bill averred that William S. Rice died seised and possessed of a certain body of land therein described, consisting of 180 acres in Geneva county, Ala., that the parties-complainant were in the actual peaceable possession of the land under claim of ownership, and that they were tenants in common with respondents John Rice and Mattie Elam. The bill further averred that respondent Henderson-Boyd Lumber Company claimed some right, title, or interest in and to said land, and that there is no suit pending to enforce or attack the validity of said company's alleged claim, and that, in accordance with the provisions of the statutes, said respondent is prayed to be required to set forth its title, interest, or claim to said lands. It is further averred that respondent Henderson-Boyd Lumber Company filed a prior bill in the same court, seeking a sale of the property for division between it and correspondents Mattie Elam and John Rice, and alleging that the parties were tenants in common of the land. The bill further averred that John Rice and Mattie Elam were minors at the time the respondent company filed suit for sale of the land, and a decree pro confesso was rendered against them without the appointment of a guardian ad litem, and the final decree rendered, ordering a sale of the property. The bill was

subsequently amended, but substantially the same facts were set up with the further averment that since the filing of the original bill Pinkie Rice, one of the complainants, had died. It also set up the death of another of the complainants and named his heirs parties complainant to the suit. Respondent Henderson-Boyd Lumber Company in its answer set forth and certified its claim or title to said land to be by warranty deed executed by complainants to one F. J. Mizell on March 8, 1909, and a warranty deed of date June 14, 1911, from Mizell to respondent. The answer further set forth that, although it was not alleged in the bill, yet on information and belief it was averred that the complainants claimed that F. J. Mizell practiced fraud upon them in procuring the said deed, and in having same executed to him by the parties to this suit, and that by reason of such fraud complainants have a right to cancel the deed as a cloud upon their title to said lands. Respondents then averred that it had paid value for the land, and had purchased it without notice of such fraud. The answer admitted the filing of the bill for division of the land and the decree ordering the sale by the register on December 2, 1912, at which sale L. A. Boyd bought the land for the Henderson-Boyd Lumber Company. The land was sold on the day the bill in this case was filed. The proofs show no confirmation of the said sale. Complainants sought a decree of the court, quieting the title to said land, and to the effect that respondent Henderson-Boyd Lumber Company has no interest, title, or claim to the same, and that the decree rendered in the suit filed by said respondent be declared of no effect. The chancellor denied the relief sought by complainants, and rendered a decree to the effect that the respondent company was the owner of an undivided six-ninths interest in the lands involved in this suit, and from this decree complainants prosecute this appeal.

J. A. CARNLEY, for appellant. W. O. MULKEY, for appellee.

GARDNER, J.— (1) The bill in this cause was filed to quiet the title to a certain described 180-acre tract of land in Geneva county, Ala., of which one William S. Rice died seised and possessed. At the time of the filing of this suit Pinkie E. Rice, widow of William S. Rice, and mother of complainants, was living on the land with one of her children. It does not appear that a dower had ever been assigned to the widow or proceedings

sought to that end. That the possession was peaceable and under claim of ownership, as heirs of William S. Rice, deceased, is without dispute. Lee Rice, one of the heirs, had through business dealings become indebted in the sum of $200 or $300 to the mercantile firm of Henderson-Mizell Company, a corporation, doing business at Samson, Ala., of which company J. E. Henderson was president, L. A. Boyd, a stockholder, and F. J. Mizell, the general manager. It appears from the record that strenuous efforts were made for the collection of this indebtedness, a demand having been made by Mizell and his collecting agent that these complainants—the mother, brothers and sisters—execute a deed to the lands involved in this suit in satisfaction of Lee Rice's indebtedness to the said company. This demand being met with strenuous opposition by complainants, the evidence shows that it was followed by threats on the part of Mizell to the effect that if a deed was not executed, Lee Rice would be arrested and sent to the penitentiary. These threats appear to have been repeated a number of times, and Rice was in fact arrested and placed in the city jail in Samson, where he remained for about four days. While he was so confined pressure was again brought to bear, and the threats of penitentiary imprisonment repeated. Under these circumstances the deed was executed, and Lee Rice released from jail. The charges under which Rice was arrested was that of "obtaining goods under false pretense," but he insisted upon his innocence, and there was no evidence of his guilt. The record discloses that Lee Rice brought suit against the mercantile company for damages growing out of said arrest and imprisonment, which suit was settled by the payment of a substantial sum. It satisfactorily appears from the record that this body of land—180 acres—was valued at from $8 to $10 per acre at the time of the execution of the deed here involved. No consideration whatever passed to the complainants. The facts above noted, leading up to the execution of the said deed, appear to be without contradiction.

Cases of this character, involving on the part of the grantors efforts to have set aside, as having been obtained under duress, conveyances like the one here under consideration have been the subject of frequent adjudication by the courts. The relationship here involved is that of mother and son and brother. The evidence clearly discloses that these parties acted under duress and undue influence in the execution of the deed in question.

It would be useless to enter into a discussion of the rules of law and of the numerous cases applicable here, and indeed such discussion would largely result in mere quotation. We are of the opinion that the following authorities clearly demonstrate the complainants' right to relief under the facts here disclosed: *Embry v. Adams,* 191 Ala. 291, 68 South. 20; *Martin v. Evans,* 163 Ala. 657, 50 South. 997; *Kirby v. Arnold,* 191 Ala. 263, 68 South. 17; *Hartford Ins. Co. v. Kirkpatrick,* 111 Ala. 456, 20 South. 651; *City Nat. Bk. of Dayton v. Kusworm,* 26 L. R. A. 48, note; *Williamson, etc., Co. v. Acherman,* 20 L. R. A. (N. S.) 484, note; and note to *Embry v. Adams,* L. R. A. 1915D, 1118.

The cases of *Treadwell v. Torbert,* 119 Ala. 279, 24 South. 54, 72 Am. St. Rep. 918, and *Clark v. Colbert,* 67 Ala. 92, cited and relied upon by counsel for appellee, do not involve the question of duress and undue influence, but only the voluntary act of the parties, and are therefore without influence in the instant case.

(2) Appellees insist that the Henderson-Boyd Lumber Company was a bona fide purchaser for value, without notice of any fraud, and therefore entitled to protection. We have heretofore alluded to the fact that the Henderson-Mizell Mercantile Company was a corporation, of which J. E. Henderson was president, L. A. Boyd, a stockholders, and F. J. Mizell, the general manager. The Henderson-Boyd Lumber Company was also a domestic corporation, of which J. E. Henderson was president, and L. A. Boyd, general manager, these two being the sole stockholders. The evidence shows that the said mercantile company was in a failing condition in 1911, and L. A. Boyd, acting for the Henderson-Boyd Lumber Company, paid the sum of $2,500, either to the bankrupt court or to some one of the creditors for the assets of said failing company. At the time of this transaction Boyd knew nothing whatever about the Rice land, but later, while taking an inventory of the mercantile company's stock of goods, he was informed by Mizell of the conveyance of the land, made by complainants to him individually; and Mizell then executed to the Henderson-Boyd Company the deed under which they now claim title to said land. Passing by the question of identity of interest of the individual parties in the two corporations involved, we think it quite clear under the facts disclosed that the Henderson-Boyd Lumber Company is in no position to defeat this suit as a bona fide purchaser for value without notice.—5 Cyc. 719; *Craft*

[United States H. & A. Ins. Co. v. Goin.]

*v. Russell,* 67 Ala. 9; *Shook v. South. B. & L. Ass'n,* 140 Ala. 575, 37 South. 409.

(3) We are of the opinion that the facts hereinbefore stated, in regard to the possession of the property at the time of the filing of the bill, are entirely sufficient for maintaining the bill under the provisions of section 5443 of the Code of 1907.

(4) Appellees insist that relief could not be granted complainants as against the deed executed by Mizell, for the reason that the bill did not contain averments as to the fraud upon which complainants rely. This question we need not decide; but if such averments was necessary in any stage of the case, it could not have mattered after the filing of respondent's answer, setting up its claim of title through such conveyance to Mizell, and alleging the fraud on his part insisted on by complainants.

Our conclusion is that the chancellor erred in his decree, holding that the Henderson-Boyd Lumber Company owned a six-ninths interest in the land here involved, and that, on the contrary, it should have been decreed that said corporation owned no title or interest in the property. The result of the holding here will be to declare of no effect the final decree rendered in the cause in the lower court, whereby the Henderson-Boyd Company sought a sale of the land for division between itself and two of the other respondents, to which suit complaniants were not parties, and which said decree remains yet unexecuted. The decree of the chancellor will therefore be reversed, and one here rendered, granting the relief sought by complainants.

Reversed and rendered.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.