---

(112 So. 147)

### Ex parte KAY. (8 Div. 936.)

(Supreme Court of Alabama, March 24, 1927.)

**1. Divorce ⬅165(1)—Divorce decree, not void on face, cannot be vacated or annulled at subsequent term, either on parties' motion or by court ex mero motu.**

Where divorce decree has been duly rendered by court having jurisdiction of subject-matter and of parties, it is conclusive upon parties and also upon public, and, not being void on face, cannot be vacated and annulled at subsequent term of court, either on motion of a party or by court ex mero motu.

**2. Divorce ⬅166—Divorce decree may be impeached, at suit of injured party, by bill in nature of bill of review, on ground of extrinsic fraud.**

Divorce decree may, like other judgments, be impeached at any time, barring laches, at suit of injured party, by original bill in nature of bill of review on ground of extrinsic fraud in procurement of decree.

**3. Divorce ⬅165(3) — Divorce decree, procured by collusion of parties, is not void.**

Divorce decree, though procured by collusion of parties, is not void, and neither of guilty parties is entitled as of right to have decree set aside on that ground.

**4. Divorce ⬅165(5½)—That parties to divorce decree agreed between themselves regarding children's custody, omitting that issue from bill, did not show collusion.**

That parties to decree agreed between themselves that complaining wife should have custody of children, omitting that issue from bill and decree, had no tendency to show fraudulent or culpable collusion in procurement of divorce decree.

**5. Divorce ⬅165(1)—Court could not, of its own motion, vacate divorce decree on ground that it was procured by collusion.**

Court could not, of its own motion, vacate decree of divorce on ground that it was procured by collusion between parties to decree.

**6. Mandamus ⬅53—Mandamus held appropriate remedy to vacate unauthorized decree vacating divorce decree and to restore decree wrongfully set aside.**

Where court made unauthorized decree vacating divorce decree of its own motion, on ground of collusion of parties in its procurement, mandamus *held* to be appropriate remedy to vacate unauthorized decree and to restore decree wrongfully set aside.

Original petition by Leonard Kay for mandamus to Hon. James E. Horton, as Judge of the Circuit Court of Limestone County. Writ granted.

The petition in this case seeks, by writ of mandamus, to vacate an order of the circuit court, made and entered ex mero motu, setting aside and annulling a final decree of that court, rendered at a previous term, by which Lassie Gertrude Kay was granted an absolute divorce from her husband, this petitioner, on the general ground of cruelty.

It appears that the husband, Leonard Kay, against whom the decree of divorcement was rendered on April 13, 1926, thereafter on September 9, 1926, filed his petition in the circuit court against Mrs. Kay to secure the custody of their children. On the hearing of that petition, a decree was rendered, reciting:

That "the court became convinced that the divorce decree, granted to Lassie Gertrude Kay * * * on the 13th day of April, 1926, was the result of collusion between the parties, and that, under the circumstances under which it was granted, it was a fraud upon the court, and that it was the duty of the court, upon being so advised, upon its own motion to set aside and declare void said decree. The court is further of the opinion that this cause should be restored to the docket, and that the complainant be allowed to amend her bill if she sees fit, and that the respondent in said proceedings, Leonard Kay, be permitted to file an answer and cross-bill if he sees fit to do so."

---

A decree was rendered accordingly, and action looking to the custody of the children was postponed to await the result of the reinstated divorce suit.

Leonard Kay's petition for the custody of the children, upon which the foregoing decree was rendered, contained no allegations or charges in impeachment of the divorce decree, and merely recited it as a fact. Mrs. Kay's answer to that petition, as shown by the trial judge's answer to the instant petition, contested her husband's fitness and rights in the premises, and asserted her own, and contained the following statement:

"At the same time the decree of divorce was granted, the complainant or petitioner (her husband) agreed to and did surrender all of his right to the custody and control of said children, and gave them into the care, custody, and control of defendant, and it was understood between complainant, or petitioner, and defendant, at the time defendant filed her bill for divorce, that she was to have the absolute care, custody, and control of her said children, and with that understanding she did not ask for them in her said bill for divorce."

Her answer further showed that after the divorce she kept the custody of the children for some months until her husband took them from her by force. She made no attack on the decree of divorce, and asked no relief against it.

The theory upon which the respondent judge based his action in setting aside the decree of divorce is thus stated in his own answer:

"There were no appropriate pleadings praying the exercise of the power of the court to set aside the decree. It may be that the parties did not desire that this decree be set aside, still public policy must demand that such a decree shall not stand. There is no provision for government intervention, it is not contemplated that it should intervene, but it was the duty of the court to intervene to protect this public interest. It certainly could not be necessary for further pleadings to be filed, for there was no one to file such pleadings."

Sanders & Woodroof, of Athens, and W. W. Callahan, of Decatur, for petitioner.

Mandamus is the proper remedy for vacating void orders or judgments. State v. Curtis, 210 Ala. 1, 97 So. 291; State v. Brewer, 19 Ala. App. 330, 97 So. 777; Id., 210 Ala. 229, 97 So. 778; Ex parte McLeod, 20 Ala. App. 641, 104 So. 688; Ex parte Cunningham, 19 Ala. App. 584, 99 So. 834; Ingram v. Ala. Power Co., 201 Ala. 13, 75 So. 304. Courts have no power or jurisdiction, either ex mero or on the motion of a third party, to modify or vacate judgments or decrees rendered at a former term of court, unless such judgment or decree be shown by the records to be not voidable but void. Singo v. Fritz, 165 Ala. 658, 51 So. 867; City B. & T. Co. v. Leonard, 168 Ala. 404, 53 So. 71; McLeod v. Home Pattern Co., 20 Ala. App.

430, 102 So. 597; 1 Freeman on Judgments (5th Ed.) § 196; 34 C. J. 210, 219; Donnell v. Hamilton, 77 Ala. 610; Jackson v. Ashton, 10 Pet. 480, 9 L. Ed. 502. This rule applies to divorce decrees. 9 R. C. L. (Div. & Rep.) § 256; 1 Freeman, § 213; 3 Freeman, § 1186; Delbridge v. Delbridge, 189 Iowa, 1116, 179 N. W. 438. A decree of divorce procured by collusion is not void, but merely voidable. Johnson v. Johnson, 182 Ala. 376, 62 So. 706. It was not essential to the validity of the divorce decree that it make disposition of the custody of the children. Keezer, Mar. & Div. (2d Ed.) § 525. Where fraud has entered into the procurement of a judgment or decree, or its invalidity may be shown only dehors the record, such matters, after adjournment of court, can only be reached by an independent suit, by original bill in the nature of a bill of review. Ex parte Smith, 34 Ala. 455; Story Eq. Pl. (10th Ed.) § 426; 10 R. C. L. "Equity," § 351.

W. H. Long, of Decatur, opposed.

The remedy for petitioner is by appeal and not mandamus. Code 1923, § 8980. The custody of infants is a matter within the inherent jurisdiction of courts of equity. Thomas v. State, 21 Ala. App. 533, 109 So. 609. In suits for divorce, the interest of the public being involved, the court may receive and act upon evidence showing misconduct on the part of the complainant, although such misconduct is not brought forward and relied on in the answer. Ribet v. Ribet, 39 Ala. 348; Powell v. Powell, 80 Ala. 598, 1 So. 549. A decree, for fraud or collusion, may be set aside by bill of review. Johnson v. Johnson, 182 Ala. 376, 62 So. 706. The court is not bound by the pleadings of the parties in suits for divorce, but may of its own motion examine witnesses as to suspicious conduct showing collusion or condonation, although the defendant has not alleged such defenses. Decker v. Decker, 193 Ill. 285, 61 N. E. 1108, 55 L. R. A. 697, 86 Am. St. Rep. 325; 2 Bishop, Mar. & Div. c. 16.

SOMERVILLE, J. [1] While it has sometimes been said that the state or the public is interested in every suit for divorce, and that courts in granting or denying divorces have regard for the public interest in a general sense (Spafford v. Spafford, 199 Ala. 300, 308, 74 So. 354, L. R. A. 1917D, 773; Fisher v. Fisher, 95 Md. 315, 52 A. 898, 93 Am. St. Rep. 334; 9 R. C. L. 409, § 208), yet, when a decree of divorce has been duly rendered by a court having jurisdiction of the subject-matter and of the parties, it differs in no respect from other decrees and judgments. It is conclusive upon the parties, and equally upon the public; and, not being void on its face, it cannot be vacated and annulled at a subsequent term of the court, either on the motion of a party, or by the court ex mero motu. This, under decisions

many times repeated, has become an elementary principle in the law of judgments. Baker v. Barclift, 76 Ala. 414; Singo v. Fritz, 165 Ala. 658, 51 So. 867.

[2] It may, like other judgments, be impeached at any time—barring laches, of course—at the suit of the injured party, by an original bill in the nature of a bill of review, on the ground of extrinsic fraud in the procurement of the decree. Ex parte Smith, 34 Ala. 455; Johnson v. Johnson, 182 Ala. 376, 381, 62 So. 706. In the absence of such a proceeding, properly invoking this remedial and revisory jurisdiction of the court, it is without power to vacate or annul a decree of divorce, or any other final judgment, not void on its face.

[3] It is settled in this state, and by the weight of authority generally, that:

"A decree of divorce, though procured by the collusion of the parties, is not therefore void, and neither of the guilty parties is entitled as of right to have the decree set aside on that ground." Johnson v. Johnson, 182 Ala. 376, 382, 62 So. 706, 708; 19 Corp. Jur. 168, § 416; 9 R. C. L. 378, § 168.

[4-6] The mere fact that the parties to this decree agreed between themselves that the complaining wife should have the custody of the children, omitting that issue from the bill and the decree, has no tendency to show a fraudulent or culpable collusion in the procurement of the decree of divorce, nor would the wife's failure to claim alimony have any such significance. But, in our view of the case, it could make no difference what facts were disclosed to the court—however significant of collusion they might have been, and however available in a proper proceeding for the avoidance of the decree. The decree of vacation was without authority, and should itself be vacated, as clearly appears from the petition and from the answer of the respondent. In such a case mandamus is the appropriate remedy to vacate the unauthorized decree, and to restore the decree wrongfully set aside. Ingram v. Ala. Power Co., 201 Ala. 13, 75 So. 304.

Let the writ issue as prayed.

Writ granted.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.