172 So. 632

## BACON v. BACON.

### 7 Div. 385.

Supreme Court of Alabama.

Feb. 18, 1937.

Motley & Motley, of Gadsden, for appellant.

---

1 Ante, p. 251.

McCord & McCord, of Gadsden, for appellee.

FOSTER, Justice.

This is an appeal from a decree of the circuit court, in equity, granting a divorce to appellee upon her bill of complaint alleging cruelty.

There are only two contentions made by appellant as reasons for a reversal. One is that cruelty within the meaning of the statute was not proven, and the other is that the record contains internal evidence of collusion sufficient to prevent the granting of a divorce. Section 7413, Code. The cruelty was proven by complainant and another witness, and was of the sort held sufficient in our cases. King v. King, 28 Ala. 315, 316 (3); Smedley v. Smedley, 30 Ala. 714; David v. David, 27 Ala. 222; Turner v. Turner, 44 Ala. 437; Wood v. Wood, 80 Ala. 254; Harris v. Harris, 230 Ala. 508, 162 So. 102; Sharp v. Sharp, 230 Ala. 539, 161 So. 709.

The contention that the decree should be reversed because collusion should be inferred from the record is based on the following situation: A bill was filed March 28, 1936, signed by counsel for complainant, summons was issued on that day and served by the sheriff the same day. On March 30, 1936, a sworn answer was filed purporting to be signed by defendant in person and not now questioned as his act. It denied every allegation of the bill and demanded strict proof. It then waived "all notices which he has the right to have served on him, including notice to take testimony and notice to submit the cause for final decree, and agrees that complainant may take testimony and submit her cause for final decree at once without further notice," and he avers "that he is a man of good moral character and prays for the right to remarry." The testimony was taken before the register and certified by him and filed April 2, 1936. And on that day was submitted with a proper note of the testimony. On the 3d of April, 1936, a decree of divorce was granted allowing them both to remarry after sixty days, if no appeal is taken in that time.

It is said in some of the authorities that a party to a collusive decree of divorce cannot attack it because of that fact and thereby take advantage of his own wrong. 9 R.C.L. 378, § 168, note 18. On the other hand, it has been held that on account of a public interest a divorce procured by collusion may be vacated by one of the colluding parties. 9 R.C.L. 451, § 260; 19 Corpus Juris 168, § 416; 2 A.L.R. page 714.

It is said in Johnson v. Johnson, 182 Ala. 376, 62 So. 706, that by the weight of authority a divorce obtained by collusion may not be impeached by either party, but that on the ground of public policy it is said to be the better rule to set aside a collusive decree if the application is seasonably made in good faith and not from any expected personal advantage. But not by the one who procures it. Fairclough v. St. Amand, 217 Ala. 19, 114 So. 472.

And in Ex parte Kay, 215 Ala. 569, 112 So. 147, it is said that a decree of divorce differs in no respect from other decrees, and is conclusive between the parties and public alike, but like others it may be impeached at the suit of the injured party by a bill in the nature of a bill of review as for fraud in its procurement, and that otherwise the decree is valid and could not be vacated by the trial court after the statutory period has expired. It was discussing collusion. There was no question presented as to the right to reverse for collusion apparent on the record.

In the case of Powell v. Powell, 80 Ala. 595, 1 So. 549, 552, there was an appeal by the wife against whom a decree of divorce was rendered. It was zealously defended until the time when it was ready for submission and then by agreement of record it was submitted on complainant's testimony and his witnesses alone, and it was held that the record suggested collusion and stimulated vigilance in the examination of the evidence, and that so considering the evidence it did not sustain the charge of adultery. The court then observed: "But, as defendant has shown an entire want of regard for her own character by impliedly assenting to a decree for divorce on the ground of adultery, the decree is reversed, and the bill dismissed without prejudice."

We take that to sustain the idea that although she impliedly assented to the decree, she could still reverse it, if it was not justified by the evidence. But we do not understand that such implied assent was sufficient to reverse the decree for collusion if the evidence when critically weighed was sufficient to support the charge. But under other authorities, if there was col-

lusion in fact, the decree could be set aside on a bill in the nature of one of review, but not by the party who procured the decree.

We do not think this record shows more than a suspicion of collusion. It has been held that the desire of both parties for a divorce is not collusion. 2 A.L.R. 702. And acts which merely facilitate the proceeding do not show collusion. 16 Corpus Juris 93, note 71, page 168, note 53; 9 R.C.L. 377, § 168.

There should be an agreement expressed or implied that evidence of a valid defense be suppressed, or to simulate a ground for divorce, or that false testimony be procured. 2 A.L.R. 699, 700, 706. But it is not sufficient to reverse a decree of divorce on an appeal that a suspicion of one or all such conditions is manifested by the record. That is our understanding of the Powell Case, supra, and it is well supported.

There is such a suspicion here, but all the matters shown by the record are consistent with an absence of collusion as defined by the authorities in this connection, but with a consciousness by defendant that complainant's charge is true, and that she is entitled to a divorce, and that he should not seek to make it hard for her to get it. A charge of collusion is one which should be established more impressively, and better in such a proceeding as that it becomes a justiciable issue, unless it plainly appears in the record itself. Not so here.

The evidence establishes the charge of cruelty, and the decree is without error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.