189 So. 895

**RAY v. RAY.**

**7 Div. 560.**

Supreme Court of Alabama.

June 8, 1939.

Rehearing Denied June 29, 1939.

---

[1] Ante, p. 265.

Savage & Savage, of Centre, for appellant.

Irby A. Keener, of Centre, for appellee.

KNIGHT, Justice.

Bill in this cause was filed by Mrs. Myrtle Ray to cancel a conveyance of lands upon the ground that it was the product of undue influence exerted upon her by her husband, the grantee in said conveyance. From a decree for complainant the present appeal is prosecuted by the respondent.

The parties to this suit intermarried on July 5, 1925, and thereafter lived together as man and wife for about ten years, but not without periods of interruption due to family discords.

The husband was without property, but the wife, it appears, owned a home and some lots in Piedmont, Calhoun County, Alabama, and also a tract of land consisting of about 79.86 acres in Cherokee County. It also appears from the evidence that the wife was very industrious, and worked, during the entire time that she lived with her husband, at an industrial plant, and the money she received for her wages was used in the support of the family, and some part of it she gave to the husband. Each of these parties had been previously married.

It also appears from the evidence that upon the marriage of the parties, the husband took up his abode in his wife's home at Piedmont, and that he soon set about to have the wife convey to him the lands in Cherokee County. In these efforts he finally succeeded, for the evidence shows that on February 20, 1928, on a recited consideration of eleven hundred dollars, the wife by warranty deed conveyed her Cherokee lands to her husband. The evidence shows that while this conveyance recites a consideration of eleven hundred dollars, it was in fact without consideration.

In 1935, the parties finally separated, and have not since lived together. The husband is still in possession of the Cherokee lands, holding the same as his own. It is to cancel the deed to this land the present bill was filed.

■ The averments of the bill are quite sufficient to invoke the jurisdiction of a court of equity to set aside and cancel the conveyance upon the ground of undue influence, which in this case consisted of mental and physical coercion. The principles of law applicable to cases of this kind are well understood.

■ While the husband and wife may contract with each other, yet all such contracts are subject to the rules of law as to contracts by and between persons standing in confidential relations. Code, § 8272.

■ In Crowder v. Crowder, 217 Ala. 230, 115 So. 256, the principle of law which governs transactions like the one now before us is thus stated: "In harmony with current authority (30 Corpus Juris, 673; 2 Pom.Eq.Jur. § 963), and in furtherance of the express statutory declaration embodied in section 8272, Code of 1923, this court holds that the relation of husband and wife is a confidential one, and that all contracts into which they enter are subject to the rules of law as to contracts by and between persons standing in confidential relations. In Manfredo v. Manfredo, 191 Ala. 322, 68 So. 157, speaking to the principle of law here applicable, the court said: 'It is for the common security of womankind that gifts procured by husbands, and purchases made by them, from their wives, should be scrutinized with a close and vigilant suspicion, and that the court, upon the appearance of the slightest circumstance of suspicion, should require of the husband satisfactory proof that the transaction resulted from the "pure, voluntary, and well-understood" act of the mind of the donor.'"

■ In this case there are many facts and circumstances which not only throw suspicion on the transaction, but which tend to show that the husband completely dominated the wife, and that he actually coerced her by threats of bodily harm to execute the conveyance to him. The husband has wholly failed to show by satisfactory proof that the transaction "resulted from the pure, voluntary and well understood act" of the mind of Mrs. Ray—the wife. Under such circumstances, the conveyance cannot be allowed to stand. Hill v. Hill, 217 Ala. 235, 115 So. 258; Manfredo v. Manfredo, 191 Ala. 322, 68 So. 157; Harraway v. Harraway, 136 Ala. 499, 34 So. 836; Code, § 8272.

The court below reached the conclusion, and so decreed, that the conveyance was the product of undue influence exerted by the husband over the wife, and ordered the conveyance cancelled. The evidence leads us to the same conclusion, and hence the decree of the court below is due to be affirmed, and is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.