195 So. 551

### FINKLEA v. PERRYMAN et al.

### 2 Div. 156.

Supreme Court of Alabama.

April 11, 1940.

C. L. Hybart, of Monroeville, for appellant.

Godbold & Godbold and Joe M. Bonner, all of Camden, for appellees.

**452**

BROWN, Justice.

The original bill, filed by the executor of Albert M. Liddell, deceased, and the beneficiaries under the residuary clause of his will, against the purported grantees of said Liddell, and one of said beneficiaries, seeks to cancel a deed purporting to convey certain described lands in Monroe County, on grounds, first: That the execution of said deed was procured by the respondents, O. B. Finklea and H. C. Wooley, through fraud and undue influence; and, second, that at the time said deed was executed said Liddell was insane.

■ The bill alleges that although said deed purported to convey lands situated in Monroe County, it in fact conveyed the lands situated in the County of Wilcox, which were owned by Liddell, and constituted a part of the residuary estate passing to the complainants and Lee Perryman under said will.

(1) These averments together with the statement in the description of the deed that the lands consist of "470 acres more or less, and *known as the Spencer lands*," in the light of judicial knowledge that there is no such land as described in Monroe County, relieves the description of the embarrassing ambiguity apparent on the face of the deed. Karter v. East et al., 220 Ala. 511, 125 So. 655; East et al. v. Karter, 215 Ala. 375, 110 So. 610. [Italics supplied.]

■ The bill alleges, in short, that the said Albert Liddell originally owned the fee in remainder incumbered by the life estate of Dora Spencer Scherffius; that said life tenant died a short time before the execution of the deed, a fact unknown to Liddell, but known to said grantees, Finklea and Wooley; "that at the time of the execution of said deed to said land said Albert M. Liddell was a feeble old man, more than 80 years old and was sick and weak in body and weak in mind; that said O. B. Finklea was one of his nearest neighbors and posed as and claimed to be his close personal friend; that at said time said Finklea and Wooley knew said Liddell owned said land in fee simple." That the said Finklea and Wooley fraudulently procured the execution of said deed to a valuable plantation of 470 acres of land for $25 which was reasonably worth $5,000. The bill offers to do equity.

While we are not called upon to hold that the complainants are under duty to return to said Finklea and Wooley the consideration paid, they have offered to do so and have by their averments conceded that said deed conveyed to said grantees the legal title to the land.

So treating the averments, the bill has equity. Ex parte Nixon (In re Nixon v. Lamar Field, Judge), ante, p. 306, 195 So. 228.

■ (2) It is only when the fraud is such as to render a conveyance void, that it may be shown in an action of ejectment.

■ (3) When the deed is voidable on return or offer to return the consideration, only a court of equity can relieve against it and revest the title by the cancellation of the deed. Davidson v. Brown et al., 215 Ala. 205, 110 So. 384; McCormick et al. v. McCormick et al., 221 Ala. 606, 130 So. 226; Ritter v. Moseley, 226 Ala. 648, 148 So. 143.

■ (4) The pleaded facts, colored by the allegation that the execution of the deed was procured by fraud, bring it within the influence of the well settled principle that where the presumption of fraud arising from gross inadequacy of consideration still persists after full consideration of the facts and circumstances attending the execution of a contract or conveyance a court of equity will decree its invalidity and cancel it. Black v. Campbell, 217 Ala. 134, 115 So. 19.

■ (5) Moreover, the bill alleges that said Finklea, posing as a *neighbor and personal* friend of an old man, sick and feeble in body and mind, procured the execution and delivery of the deed to a large tract of valuable land for practically nothing, without disclosing facts within his knowledge and unknown to the grantor, facts which vested the fee simple title in said grantor. Though the facts pleaded may not, as a matter of law, show a relation of trust and confidence, they do suggest such relation as a matter of fact, and will support the conclusion to be drawn by the pleader that such relation existed, imposing upon said Finklea the duty of dealing openly and fairly with his said ailing and afflicted neighbor. ["Who is my neighbor?" St. Luke, 10:29–37].

■ (6) The "suppression of a fact material to be known, and which the party is under an obligation to communicate, constitutes fraud." Code 1923, § 8050;

Metropolitan Life Ins. Co. v. James, 228 Ala. 383, 390, 391, 153 So. 759.

The general demurrer for want of equity addressed to the bill was not well taken.

The principle stated in paragraph (4) above sustains the equity of the cross-bill. The demurrer to the cross-bill was properly overruled.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.