59 So.2d 659

### CARY v. CARY.

#### 6 Div. 400.

Supreme Court of Alabama.

May 22, 1952.

Rehearing Denied June 26, 1952.

The bill in this case, filed October 26, 1951, alleges the following in substance:

Norman K. Brown, Bessemer, for appellee.

Robert Giles, Ray & Giles, Albert Boutwell and Wm. S. Halsey, Jr., all of Birmingham, for appellant.

FOSTER, Justice.

Appellant filed suit in equity against appellee, in the nature of a bill of review seeking to vacate a decree of divorce which gave effect to a separation agreement entered into between the parties. Demurrer was sustained to the bill, and complainant appealed.

Such a decree has two features: one, the divorce, and, two, the separation agreement. If either feature furnishes ground to vacate it, the effect ought to apply to the decree in all its features.

As to the divorce, it is thought that collusion is sufficiently alleged to that end and, therefore, to vacate the decree in all respects. We think that collusion is not shown by the allegations of the bill. The parties made a separation agreement, and appellant signed an answer denying the allegations of the bill alleging grounds for divorce, and also signed a waiver of further notice. Thereupon, on the same day, the court rendered the decree giving effect to the agreement. The bill does not allege that there was not sufficient evidence to support the decree; nor that there was an express or implied agreement that the truth be suppressed or that grounds for divorce be simulated, or that false testimony be procured. Bacon v. Bacon, 233 Ala. 482, 172 So. 632, 109 A.L.R. 830. The theory of collusion as affecting a decree was considered and analyzed in the Bacon case. See, Johnson v. Johnson, 182 Ala. 376, 62 So. 706; Ex parte Kay, 215 Ala. 569, 112 So. 147; Powell v. Powell, 80 Ala. 595, 1 So. 549; 27 C.J.S., Divorce, § 169, pages 812, 813. The bill is wholly insufficient to show such collusion as will operate to vacate the decree.

The second feature of the decree is that which gives effect to the separation agreement. The decree as a whole evidently resulted from that agreement. No active defense was interposed by reason of it. If it was obtained by duress or fraud, that infirmity should go to the decree as a whole, all being done at the same time and a part of the same transaction. Russell v. Russell, 247 Ala. 284, 285, 24 So.2d 124; Mudd v. Lanier, 247 Ala. 363, 24 So.2d 550; Stephens v. Stephens, 253 Ala. 315, 45 So. 2d 153.

It is generally noted that such contracts must be fair, reasonable and just, free from fraud, duress or other coercion. Kirkland v. Kirkland, 236 Ala. 120, 181 So. 96; Rash v. Bogart, 226 Ala. 284, 146 So. 814; 42 C.J.S., Husband and Wife, § 593, page 170. The burden under such circumstances is controlled by principles which apply to other contracts between husband and wife, and affected by whether confidential relations have been severed. 42 C.J.S., Husband and Wife, § 593, pages 170, 173; Ray v. Ray, 238 Ala. 269, 189 So. 895.

The duress relied on is based on threats of personal violence and of death to herself and children. There were five children: all of whom were grown and perhaps able to take care of themselves if necessary. Duress is recognized as a ground upon which to support a bill to vacate a decree procured by it, 27 C.J.S., Divorce, § 169, page 812; 19 Corpus Juris 167, note 40; Johnson v. Johnson, supra, or a contract, Royal v. Goss, 154 Ala. 117, 45 So. 231; Hartford Fire Ins. Co. v. Kirkpatrick, 111 Ala. 456, 20 So. 651; Ray v. Ray, supra; Smith v. Smith, 243 Ala. 488, 10 So.2d 664. We think the bill is sufficient to withstand demurrer in so far as such attack is made. The elements of duress are defined in Hartford Fire Ins. Co. v. Kirkpatrick, supra; Lehman, Durr & Co. v. Shackleford, 50 Ala. 437, 439; Embry v. Adams, 191 Ala. 291, 68 So. 20, L.R.A.1915D, 1118; Rice v. Henderson-Boyd Lumber Co., 197 Ala. 579, 73 So. 70; 17 C.J.S., Contracts, §§ 168, 172, pages 526, 527, 531.

Inadequacy of consideration is not of itself a ground to vacate a deed of conveyance. Stephenson v. Atlas Coal Co., 147 Ala. 432, 41 So. 301; McKee v. West, 141 Ala. 531, 37 So. 740; Houston v. Blackmon, 66 Ala. 559, 562; Judge v. Wilkins, 19 Ala. 765. But it is a material circum-

stance on the question of duress as alleged in the bill. Black v. Campbell, 217 Ala. 134, 115 So. 19; Finklea v. Perryman, 239 Ala. 450, 195 So. 551.

Although an attorney signed the contract with appellant, the bill does not show what connection he had with the transaction otherwise. He approved it as it states. But there is no allegation in the bill with respect to that. We think the detail of circumstances set up in the bill leading to the decree, including allegations of threats of physical harm and the fear thereby engendered, is sufficient to authorize a full investigation of the method of obtaining the decree, and to determine the truth of the allegations and the nature and effect of such threats as were made. The threats declared insufficient in the Johnson case, supra, furnish no precedent for present purposes.

A decree will be here rendered reversing that of the circuit court, in equity, and overruling the demurrer to the bill, and remanding the cause. Defendant is allowed thirty days in which to answer the bill.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.