WRIGHT, Presiding Judge.
This is an appeal from denial of relief under Rule 60(b), Alabama Rules of Civil Procedure, as ordered by the Montgomery County Circuit Court. We affirm.
*129 The parties to this action were married in 1954 at Montgomery, Alabama. On December 27, 1979, the parties left their home in Dothan, Alabama, and traveled to Montgomery for the purpose of obtaining a divorce.
An attorney prepared a petition for divorce on behalf of the husband, an answer and waiver by the wife, a property settlement agreement signed by both parties, and the deposition of the husband. All were properly filed with the Montgomery County Circuit Court.
On January 2, 1980, a final decree of divorce, incorporating by reference the property settlement agreement, was entered. Soon thereafter the wife acquired the services of an able attorney. Through that attorney’s negotiations with the husband’s counsel, the parties executed and filed a joint petition to modify the original decree. The petition, dated January 30, 1980, requested modification of the original property settlement and decree in many respects. The petition stated that the parties “deemed this Amendment of the original agreement a fairer and more equitable division of their affairs.” Both parties and their attorneys signed the petition and the agreement. The court approved the petition and modified the original decree as requested on February 1, 1980. The new decree substantially increased the benefits to the wife.
On April 25,1980, the wife filed a motion for relief from judgment pursuant to Rule 60(b)(3), ARCP. The motion alleged that the wife had entered into both the original and the amended agreements relying upon fraudulent misrepresentations by her husband concerning his financial condition. The court requested submission of briefs and heard oral argument by both counsel. On May 20, 1980, the court denied the motion. The wife filed notice of appeal.
It is well established that the sole issue on appeal from denial of a Rule 60(b) motion is whether the trial court abused its discretion. McSween v. McSween, 366 So.2d 293 (Ala.Civ.App.1979); Marsh v. Marsh, 338 So.2d 422 (Ala.Civ.App.1976). That court has wide discretion in considering such a motion. Clark v. Clark, 356 So.2d 1208 (Ala.Civ.App.1978).
The primary contention of the wife’s motion was that her husband had fraudulently induced her to enter into the property settlement agreements and agree to a divorce. More specifically, the appellant claimed that her husband told her they would be forced to file bankruptcy and would lose their home unless she accompanied him to Montgomery to sign divorce papers. The appellant also alleged that her husband told her she was in danger of losing her children if she didn’t sign divorce papers immediately and that he would be put in jail if forced to produce a financial statement. Appellant alleged that such statements were made in December 1979, before the original divorce decree, and that she continued to rely on them while executing both the original and amended property settlement agreements. She does not seek to set aside the divorce, but only the property agreement and award of alimony to her.
It is without dispute that the appellant was represented by competent counsel for some time before the joint petition to modify was filed and the original judgment amended. The lengthy and detailed second agreement fully supports the inference that the parties and their counsel engaged in intense negotiations for the purpose of effecting an equitable agreement. It is not necessary to set out the details of that agreement. However, it is to be noted that under the agreement the wife will receive $100,000 in periodic alimony, $95,850 in alimony in gross; one-half interest in the home with mortgage payments, insurance, taxes and one-half of maintenance paid; all household furniture, a 1979 Buick automobile, and be made the irrevocable beneficiary of $100,000 in life insurance on the life of the husband. All income tax accruing from her award is to be paid by the husband. All expenses of the one minor child are to be paid by the father with a minimum of $200 per month, and an automobile furnished the child. It is evident that the *130 value of the agreement to the wife is substantially in excess of a quarter million dollars. The agreement appears freely entered into. The parties were dealing through counsel at arm’s length and no confidential relationship existed at that time. 24 Am.Jur.2d Divorce and Separation, § 896 (1966). Clearly the wife and child are well provided for.
The appellant cites a case pronouncing the rule that a settlement agreement given effect by a divorce decree must be fair, reasonable and just, free from fraud, duress or other coercion. Cary v. Cary, 257 Ala. 431, 59 So.2d 659 (1952). The court in that case rested its decision upon the glaring inadequacy of the settlement agreement and the obvious attending duress in its execution. Such conditions are not present in this case. The agreement here appears well negotiated and provides handsomely for the appellant. She personally and by counsel presented it to the court and requested its entry into the judgment.
The agreement was adopted by the court and in effect for almost three months before appellant’s motion to set it aside was filed. It must be presumed that appellant accepted its benefits. Appellant was aware, or should have been aware, of all the pertinent facts upon which she based her 60(b)(3) motion at the time of the negotiated, amended decree some three months earlier. In exercising its discretion when considering a 60(b) motion, the court must balance any need to remedy injustice against the need for finality of judgments. Tichansky v. Tichansky, 54 Ala.App. 209, 307 So.2d 20, cert. denied, 293 Ala. 775, 307 So.2d 24 (1974).
Under the facts of this case we cannot say the trial court abused its discretion in denying relief to appellant. The order of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.