123 So.2d 135

**Wanita (Juanita) HADLEY et al.**

v.

**D. B. HALL.**

**6 Div. 537.**

Supreme Court of Alabama.

June 30, 1960.

Rehearing Denied Sept. 15, 1960.

———◆———

Bland & Bland, Cullman, for appellants.

326

Ernest Galin, Cullman, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrers of Loreta Walker and others (appellants), to a bill of complaint filed by D. B. Hall (appellee). The purpose of the bill is to set aside a certain deed executed by D. B. Hall to his wife Beula Mae Hall to certain described real estate located in Cullman County, Alabama. A copy of the deed is attached to the bill of complaint, marked Exhibit A and made a part thereof. The following recital appears in the deed:

"Know all men by these presents that, D. B. Hall, for and in consideration of $1.00 and other valuable considerations, to me in hand paid by Beula Mae Hall, wife of D. B. Hall,

the receipt whereof is hereby acknowledged, has this day granted, etc., * * *."

The allegations of the bill show in substance that the respondents constitute the only heirs at law of Beula Mae Hall, deceased, who died intestate, and who was the wife of the complainant before her death, that he executed the aforesaid deed on the 19th day of July, 1956, and the deed was filed for record in the office of the Judge of Probate on July 19, 1956.

The allegations of the bill further show in substance that Beula Mae Hall had been separated from her husband, the complainant D. B. Hall, for several months before he executed the aforesaid deed to her, that there was no monetary or other consideration of like character for the attempted execution of the deed, that the deed was executed because Beula Mae Hall agreed to return to the home of the complainant so as to make a peaceful solution of their domestic affairs as man and wife and that there was no other consideration for the execution of the deed, that Beula Mae Hall did not have any money whatever in said real estate described in the bill, that the complainant paid his own money in full for the purchase price of the land, that the return of Beula Mae Hall to the home of complainant so as to make a peaceful solution of their domestic affairs as man and wife constitutes no consideration for the complainant attempting to execute the deed, that the deed was without consideration and is void as against public policy and that the title to the real estate described in the bill still reposes in complainant in fee simple.

I. We must of course on demurrer take all facts well pleaded as being true. The recited consideration in the deed is $1 and other valuable considerations. We do not think, however, that we are precluded by this recital from considering the allegations of the bill as to the consideration for the deed in the face of this re-

cital. In the case of Hill v. Hill, 217 Ala. 235, 115 So. 258, 259, a case quite similar in principle to the instant case, the deed recited merely $1 and other valuable considerations. As pointed out in Hill v. Hill, supra, the case being on appeal from a final decree on the evidence, the matter of consideration is an evidential fact to be weighed with all the other testimony in this case and the court further said: "We are not here concerned with any strict or technical definition of valuable consideration, as this is not a matter of vital importance in a case of this particular character." In Hill v. Hill, supra, the court in this connection said:

"* * * We are not impressed with the insistence of appellee that the return of the husband to the wife, after a separation of a few weeks and their mutual promises looking toward a peaceful solution of their domestic affairs, constituted a valuable consideration, though at the time of the reconciliation the wife had pending a suit for divorce. * * *

"Whatever may have been the rights of the husband as to remaining from home pending the divorce suit (9 R.C. L., 360), the reconciliation was an abandonment of such proceeding by the wife and a condonement of the matters therein set up, and his return to the home under these circumstances was clearly not a matter of barter and sale. * * *."

In substance with reference to the consideration the court held that there was in fact no consideration for the deed. Porter v. Roberson, 263 Ala. 294, 82 So.2d 244. But in passing on the equity of the bill we think it well to consider also other things which the bill lacks. The bill does not specifically allege fraud or undue influence in the procurement of the deed. We want to make it plain that there are no allegations of fraud going to the execution of the deed as by misreading it to the complainant or misrepresenting its con-

tents or the like. Nor are there any allegations showing fraud going to the consideration and inducement only. See Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555; Fuller v. Scarborough, 239 Ala. 681, 195 So. 875; Dunn v. Ponceler, 235 Ala. 269, 178 So. 40.

■ As shown in Hill v. Hill, supra, the deed when assailed may be considered in the class of deeds of gift from husband to wife. We quote in this connection from Hill v. Hill, supra, as follows:

" 'In Harmony with current authority (30 Corpus Juris, p. 673; 2 Pom. Eq.Jur. § 963), and in furtherance of the express statutory declaration embodied in section 8272, Code of 1923, this court holds that the relation of husband and wife is a confidential one, and that all contracts into which they enter are subject to the rules of law as to contracts by and between persons standing in confidential relations. In Manfredo v. Manfredo, 191 Ala. 322, 68 So. 157, speaking to the principle of law here applicable, the court said: "It is for the common security of womankind that gifts procured by husbands, and purchases made by them, from their wives, should be scrutinized with a close and vigilant suspicion, and that the court, upon the appearance of the slightest circumstance of suspicion, should require of the husband satisfactory proof that the transaction resulted from the 'pure, voluntary, and well-understood' act of the mind of the donor." ' "

■ In keeping with the statute referred to in the foregoing authority, which is now § 74, Title 34, 1957 Supplement to the Code of 1940, the relationship between D. B. Hall and his wife Beula Mae Hall was a confidential relationship, with the presumption as shown in Barnett v. Barnett, 262 Ala. 655, 80 So.2d 626, that the husband, D. B. Hall, is the dominant of the two parties to the marriage. There is

no allegation in the bill to rebut the presumption that D. B. Hall was the dominant party or showing that D. B. Hall was unduly influenced by his wife.

Upon a consideration of the matter we do not think that the bill before us contains allegations sufficient to show that it has equity and, therefore, it is our judgment that the court acted incorrectly in overruling the demurrers assailing the equity of the bill.

■ II. It is argued that the complainant is barred by laches from obtaining the relief sought in the instant case. The allegations of the complaint show that the deed was executed on the 19th day of July, 1956, and the record shows that the bill was filed on July 19, 1959. It is alleged that Beula Mae Hall died intestate but we do not know the date of her death except that it was sometime after the deed was executed and delivered and before the suit was instituted. It was said in Darden v. Meadows, 259 Ala. 676, 68 So.2d 709, 713, that, "The principle foundations of the doctrine of laches are acquiescence and lapse of time. But other circumstances will be taken into consideration. Thus it is a material circumstance that the claim is not made until after the death of him who could have explained the transaction."

We do not find here any long delay in filing this suit. It was filed well within the time allowed by the statute of limitations. The only circumstance tending to show laches is the death of Beula Mae Hall and this standing alone is not sufficient. Woods v. Sanders, 247 Ala. 492, 25 So.2d 141.

There was no error in overruling the demurrers to the bill raising the question of laches.

Since the bill has no equity, the court acted incorrectly in overruling the demurrer to the bill.

Reversed and remanded.

COLEMAN, J., concurs.

LAWSON, GOODWYN and MERRILL, JJ., concur in the result.

On Rehearing

STAKELY, Justice.

■ On application for rehearing the position is taken that the appeal should be dismissed since the provisions of § 804, Title 7, Code of 1940, relating to notice to other parties to the suit, were not complied with.

In the case at bar the demurrer to the bill was filed by the respondents, Wanita Hadley, Loreta Walker, Addie Clements, Floyd Junkins and Norma Lee Ponder. Pernie Junkins was also made a party respondent, the bill showing that he is a person of unsound mind, but has no legal guardian. The court appointed a guardian ad litem to represent him, but no demurrer to the bill was filed in behalf of Pernie Junkins. The decree overruling the demurrer to the bill was, therefore, not against Pernie Junkins.

Under the foregoing statute any party may individually appeal "against whom a judgment or decree is rendered." The appeal was taken here only in the name of Wanita Hadley, Loreta Walker, Addie Clements, Floyd Junkins and Norma Lee Ponder, who alone have reason to complain of the decree. It follows that there was and is now no occasion to bring in Pernie Junkins as provided in the statute. Johnson v. Green, 259 Ala. 511, 66 So.2d 768.

Opinion extended and application for rehearing overruled.

LAWSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.