This is an appeal from the setting aside of a divorce decree.
The parties to this appeal were first divorced on December 3, 1982 by a decree of the Circuit Court of Mobile County. The decree incorporated an agreement of the parties which, among other things, divided the parties' real and personal property and awarded the wife alimony in gross and periodic alimony.
On March 9, 1983 the husband filed a motion to vacate, set aside, amend, or alter the judgment of divorce, alleging the agreement incorporated into the divorce decree was obtained by fraud and duress. Rule 60 (b), Alabama Rules of Civil Procedure.
After an ore tenus hearing on March 29, 1983, the court entered an order granting husband's motion to set aside the decree on grounds of duress. Thereafter, on August 31, 1983, a second judgment of divorce was rendered by the Circuit Court of Mobile County. This decree awarded the wife considerably less than she received in the first decree. Wife appeals.
The only argument here is that the trial court erred to reversal in setting aside the first judgment of divorce on grounds that husband signed the agreement under duress. Wife contends that husband entered into and signed the settlement agreement of his own free will and she did not coerce him into signing it.
We have held that where the trial court alone hears disputed evidence a presumption of correctness attends the court's findings and such findings will not be overturned except for palpable error, manifest unjustness, or where unsupported by the evidence. Cotton States Mutual Insurance Co. v. Conner,387 So.2d 125 (Ala. 1980). In deciding a rule 60 (b) motion to set aside a judgment of divorce, the trial court has wide discretion, and its determination will be reversed only for an abuse of that discretion. Tucker v. Tucker, 403 So.2d 273
(Ala.Civ.App. 1981); McSween v. McSween, 366 So.2d 293
(Ala.Civ.App. 1979).
It is also the rule in this state that a settlement agreement given effect by a divorce decree must be fair, reasonable and just, and free from fraud, duress or other coercion. Cary v.Cary, 257 Ala. 431, 59 So.2d 659 (1952). "Duress" has been defined as subjecting a person to improper pressure which overcomes his will and coerces him to comply with demands to which he would not yield if acting as a free agent, and is a ground on which to support a setting aside of a divorce decree and underlying agreement. Cary v. Cary, supra; Head v. GadsdenCivil Service Board, 389 So.2d 516 (Ala.Civ.App. 1980); see, 17 C.J.S. Contracts § 168. The party seeking to set aside an agreement on grounds of duress must prove by clear and convincing evidence that the duress existed at the time of execution. Johnson v. Johnson, 182 Ala. 376, 62 So. 706 (1913);Reiss v. Reiss, 46 Ala. App. 422, 243 So.2d 507 (Ala.Civ.App. 1970). Moreover, the moving party must prove that he was free from fault or negligence in suffering the judgment to be entered. Stephens v. Stephens, 251 Ala. 431, 37 So.2d 918
(1948); Lindsey v. Lindsey, 48 Ala. App. 495, 266 So.2d 298
(Ala.Civ.App. 1972). *Page 1251 
In the instant case the trial court found that the evidence supported a setting aside of the judgment of divorce based on duress.
The parties were married in September 1978 after having lived together since 1975. No children were born of the marriage. In August 1982 the couple separated, and on November 22, 1982 they signed a settlement agreement that was adopted by the court in its divorce decree of December 3, 1982. The agreement was signed by both parties in the office of husband's attorney.
On December 29, 1982 husband's second wife intervened in the parties' divorce action on the ground that her son's and her support rights would be materially affected by the settlement agreement of the parties which was incorporated into the December 3, 1982 divorce decree. The trial court subsequently denied the relief sought by the second wife; however, it should be noted that at the hearing on second wife's petition, husband testified that he did not want the December 3, 1982 divorce set aside.
On March 9, 1983 husband filed his motion seeking to have set aside the December 3, 1982 divorce decree on the grounds of fraud and duress. In support of his claim of duress, husband points to many instances of verbal and physical assaults and threats of grievous bodily harm.
Although the evidence relating to the threats and assaults is in sharp dispute, there is substantial testimony supporting the husband's charges.
The incident precipitating the parties' separation occurred on August 13, 1982. The husband was at the Terminal Restaurant in Mobile with some friends when wife came into the restaurant and commenced cursing and berating husband, and demanded that he leave. They left the restaurant and got in wife's car. They got into a fight in the car. Husband persuaded wife to return to the restaurant so that he could get his car. Husband followed wife home.
On arrival at home, wife physically attacked husband, got a gun, threatened to kill him, and then locked him in the house. The house had deadbolts on all outside doors. Wife had taken husband's glasses and keys to the house, so husband had to break out a window to escape from the house. Being fearful of his wife, he hid in a ditch for several hours to be sure wife would not find him. Thereafter, he caught a ride to the Hilton Hotel where he spent the night. He telephoned a friend to get a car for him so that he could leave Mobile. He spent the next two nights in a hotel near Pensacola, Florida.
The friend testified that he received threatening telephone calls from wife and her mother during the time husband was out of town.
Husband returned to Mobile and stayed in a friend's apartment.
Husband returned home later when his children by a former marriage returned for a visit. He said he felt safe with them being present.
On a subsequent occasion, an altercation arose between husband and wife, and wife started cursing and threatening him. Being in fear of his life, he fled the scene.
In September 1982 husband flew into the Mobile airport from a ball game, and as he was attempting to leave in his car, his path was blocked by wife's car. Again wife berated and accused husband of various acts of indiscretion, and he said he felt threatened. He managed to leave the scene without further difficulty.
About a week later husband was about to leave the Mobile Air Center for a business trip to New Orleans at night when he was accosted by wife. She commenced cursing him, grabbed his glasses and threw them away, grabbed his briefcase, and began beating him over the head with it. Finally, wife got in her car and left, taking husband's briefcase with her. Husband stated he had to continue his trip sans glasses and briefcase.
Husband testified that over the next several weeks he received numerous telephone calls from wife in which she threatened him. *Page 1252 
In October 1982, again while at the Terminal Restaurant, husband received a telephone call from wife, during which she told him what she would require in the way of a settlement for a divorce. According to husband, the demands were so unreasonable that he disagreed, but was told by wife that if he did not agree to her demands that what would happen to him would be worse than the Leverett affair. The Leverett affair was an apparent spousal murder that had received wide publicity in the Mobile area.
On another occasion while at the Terminal Restaurant, husband was advised that wife's brother and another man were in an automobile outside the restaurant. Husband said he was afraid of wife's brother, so he called a friend to come get him. He and the friend left by the restaurant's back door.
Husband did testify that he told his lawyer to prepare the settlement agreement to incorporate the demands of wife. The lawyer advised husband not to agree to such a settlement. Husband stated that he was afraid not to agree to wife's demands.
After the first divorce decree had been entered, and while at a court hearing on a motion to intervene filed by his second wife, husband testified that he did not want the terms of the divorce with wife changed. He stated later that the reason he so testified was because wife had told him that if he changed his mind she would blow his brains out.
Husband testified that there had been many altercations where wife had threatened his life with a gun and that he had managed to take the gun away from her on those occasions.
Other witnesses testified that wife had threatened husband with a gun in times past and that husband was afraid that wife would eventually kill him.
A psychologist testified that husband was afraid of wife and was fearful that wife would do him bodily harm.
Based on the evidence in the record, we conclude that the trial court did not abuse its discretion in finding that there was clear and convincing proof that husband signed the settlement agreement which was incorporated in the first divorce decree under duress. Hence, we hold that the trial court acted within its authority in setting aside the first decree divorcing the parties. To hold otherwise would be to substitute our judgment for that of the trial court. This the law does not permit. Sutton v. Sutton, 55 Ala. App. 254,314 So.2d 707 (Ala.Civ.App. 1975).
Wife's request for attorney's fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.