MONROE, Judge.
The father appeals from an order entered following a hearing on his motion for a nunc pro tunc modification of a child support order.
William Peter Swistok (the father) and Susan Burdette Swistok Andrews (the mother) were divorced June 12, 1991. The judgment of divorce incorporated the marriage settlement agreement entered into between the parties. The mother was awarded custody of the parties’ minor child (Elizabeth Michelle Swistok) and the father agreed to pay $678.79 per month for the support and maintenance of that child; to maintain a $100,-000.00 life insurance policy; to provide medical and dental insurance; to pay all the extraordinary costs of medical or dental treatment; to pay college expenses; and to pay certain debts of the parties as “child support.” The agreement also provided for the division of all assets and liabilities.
In April 1992, the mother obtained a wage garnishment both for the $678.79 per month child support and for the $35.00 per week debt payment listed in the marriage settlement as “child support.” On November 3, 1993, the father filed a motion to modify nunc pro tunc, because of an alleged miscalculation of his gross income. The mother answered with the affirmative defense of “unclean hands” and counterclaimed for an order nisi. After oral proceedings, the court denied the motion for a nunc pro tunc order modifying the original child support order; affirmed the previous monthly child support amount of $678.79 per month; required the father to provide proof of insurance within 10 days; awarded a judgment of $1,554.00 to the mother for money she had paid to a creditor, which was identified in the marriage settlement agreement as “child support,” but which was owed by the father; and computed the present and total arrearage at $2,081.00 and $8,875.36, respectively. The father appeals.
On appeal the father contends: (1) that the trial court improperly calculated his child support obligation by including his per diem allowance as gross income and by not properly utilizing the Alabama child support guidelines; (2) that the trial court erred by deviating from what he says is the rule in Jurihin v. Junkin, 647 So.2d 797 (Ala.Civ.App.1994), requiring the court to provide written reasons for disregarding a stipulation between the parties; and (3) that the trial court erred by incorrectly computing the amount of the arrearage.
It is well settled that matters pertaining to child support and modification thereof are aptly within the discretion of the trial court, presuming compliance with the child support guidelines. State Department of Human Resources v. Thomas, 615 So.2d 84 (Ala.Civ.App.1992); Rule 32, Ala.R.Jud.Admin. Further, the trial court’s ruling based on an ore tenus proceeding is presumed correct, unless it is clearly and palpably wrong. Brining v. Brining, 600 So.2d 295 (Ala.Civ. App.1992).
The father argues that the court disregarded a stipulation between the parties and failed to provide written reasons for its actions. The parties agreed that if the court denied the father’s motion for an order nunc pro tunc, then the father had a $2081.80 child-support arrearage. There is no evi- *1209 denee in the record to indicate whether this figure included amounts owed for debts termed “child support” in the divorce judgment, which the father agreed to pay, or whether this agreed figure was based solely on discrepancies in payment of the $678.79 per month child support. There is evidence that the father was delinquent in other payments to the mother, including the $678.79 monthly child support.
However, this issue is moot. The trial court incorporated the stipulated amount in its order. Paragraph two of the trial court’s order reads: “THAT the Plaintiff is hereby awarded judgment against the Defendant [in the amount of] $2,081.00, said amount representing the existing arrearage in child support as of this date.” Even though the trial court included the stipulated amount in its order, we acknowledge the trial court is not bound by a stipulation where evidence to the contrary is presented at trial. Wilson v. Berry Indus. Co., 461 So.2d 339 (Ala.Civ.App.1984), citing with approval Garrett v. Mathews, 474 F.Supp. 694 (N.D.Ala. 1979), aff'd, 625 F.2d 658 (5th Cir.1980).
Next, the father argues that the court improperly computed the monthly child support amount of $678.79. He contends that the court either improvidently included the $455.00 per week expense allowance he receives while traveling in reaching its calculation or failed to properly apply the child support guidelines.
The court ordered “[t]hat the child support payments heretofore ordered by the court in the amount of $678.79 are hereby reaffirmed, and said amount shall be collected by the outstanding withholding order.” The record reveals that the parties negotiated a comprehensive marriage settlement agreement. The father agreed to pay $678.79 per month, and the trial court affirmed that amount, when it incorporated the agreement into the divorce judgment. Now, approximately three years later, the father argues that he was without legal counsel and was coerced into signing the agreement and that the initial calculation of the $678.79 figure was incorrect because it included his weekly per diem.
The only evidence to support the father’s contention of coercion is his statement that his wife “stated it would probably be in my best interest, if I wanted to see my child again, to take things the way they were.” The father admits he consulted an attorney in New York and was referred to an attorney in Alabama. Coercion or duress must be proven by clear and convincing evidence. Delchamps v. Delchamps, 449 So.2d 1249 (Ala.Civ.App.1984). “‘Duress’ has been defined as subjecting a person to improper pressure which overcomes his will and coerces him to comply with demands to which he would not yield if acting as a free agent, and is a ground on which to support a setting aside of a divorce decree and underlying agreement.” Delchamps, 449 So.2d at 1250. We find no evidence to support the father’s contention of coercion.
There is conflicting testimony as to how the $678.79 figure was computed and the extent of the father’s participation in negotiating that aspect of the marriage settlement agreement. Rule 32 allows reimbursements to be included in the calculation of gross income, where the amounts received “are significant and reduce personal living expenses.” Rule 32(B)(4), Ala.R.Jud.Admin. Further, in determining the proper amount of child support, the court considers gross income, as well as the ability to pay. Rule 32(A), Ala.R.Jud.Admin. While the court is not obligated to adhere to a marriage settlement agreement, the parties are bound by the agreement. Porter v. Porter, 441 So.2d 921, 923 (Ala.Civ.App.1983). The record shows that since the divorce the father’s gross income has increased. He still travels a majority of the year and receives $455.00 per week for every week he is away from home, to defray expenses. There was conflicting evidence as to whether the expense allowance had reduced the father’s personal living expense since the divorce, but, it was clear that before the divorce the father mailed home each week a portion of allowance as a contribution to the family’s living expense. No evidence indicated that the $455.00 per week allowance was not significant. The trial court’s decision to affirm the *1210 previously agreed upon amount of child support is supported by the evidence.
Finally, the father argues the trial court did not properly compute the amount of the arrearage. The reeord reveals that a garnishment has been in place since 1992. Further, there was a $15,000 debt that was equally divided between the parties. The father agreed to pay $35.00 per week against his portion of this debt. The $35.00 per week payment was included in the 1992 garnishment. The payment of this debt, along with other debts, was termed “child support” in the marriage settlement agreement that was merged into the divorce judgment. While the trial court did include in its order the stipulated amount of $2081 as the present arrearage, the record does not reveal how the court ascertained the total amount of the arrearage to be $8,875.36. Therefore, we remand this cause for the trial court to hold a hearing to determine the total amount of the arrearage.
The issue as to whether debt payment can be properly considered and termed child support is without merit. That issue was never raised at the trial level and can not be considered for the first time on appeal. City of Rainbow City v. Ramsey, 417 So.2d 172 (Ala.1982).
For the foregoing reasons, we affirm the judgment in part and reverse and remand the cause with instructions to the trial court to determine the total arrearage.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and THIGPEN, YATES and CRAWLEY, JJ., concur.