RICHARD L. HOLMES, Retired Appellate Judge.
April Kilpatrick Acton (wife) and James Michael Acton (husband) were married on April 16, 1988. Two children were born of the marriage.
On March 23, 1995, the husband filed a complaint for divorce, requesting that the trial court award him custody of the two minor children.
On March 27, 1995, the husband and the wife went to the office of the husband’s attorney and executed documents necessary for the parties to obtain an uneontested divorce. On the same date, the parties also executed an agreement which was to be incorporated into the final divorce decree. This agreement dealt with such issues as custody of the minor children and division of the marital property. This agreement was filed with the court on March 29,1995.
On April 3, 1995, the wife filed a motion to withdraw the agreement that she had executed on March 27, 1995. In her motion to withdraw, the wife argued that this agreement was signed without advice of counsel and that, after consulting with an attorney, she formed the opinion that she should not have executed the agreement. The wife’s motion also stated the following:
“That certain statements made by the [husband] (not [husband’s] counsel) were misleading. That [husband’s] counsel, in fact, did advise [the wife] to seek an attorney and she did not at the time of signing.”
The husband’s attorney withdrew as the attorney of record for the husband because it had become necessaiy for the husband’s attorney to testify in the case.
The trial court held a hearing on the wife’s motion to withdraw the agreement. The *614 main issue at that hearing was whether the wife voluntarily signed the agreement on March 27, 1995, or whether she was under duress.
The husband, the wife, and the husband’s original attorney all testified at the hearing. Thereafter, the trial court issued a final judgment of divorce, wherein the trial court ratified, approved, and made the March 27,1995, agreement a part of the divorce decree.
The wife filed a motion to alter, amend, or vacate, alleging that the March 27, 1995, agreement was unfair, unreasonable, and unjust and that it was the result of fraud, duress, or other coercion. The motion was denied.
The wife appeals.
We would note that a trial court’s findings, based upon evidence presented ore tenus, are accorded a presumption of correctness. Further, the trial court’s findings will not be disturbed unless those findings are palpably wrong, manifestly unjust, or unsupported by the evidence. Kunkel v. Kunkel, 547 So.2d 555 (Ala.Civ.App.1989).
Additionally, we would note that this court made the following statements in Delchamps v. Delchamps, 449 So.2d 1249, 1250 (Ala.Civ.App.1984):
“The party seeking to set aside an agreement on grounds of duress must prove by clear and convincing evidence that the duress existed at the time of execution. Moreover, the moving party must prove that he was free from fault or negligence in suffering the judgment to be entered.”
(Citations omitted.)
We have reviewed the record and the transcript of the hearing on the motion to withdraw. The testimony presented at the hearing can be summarized as follows: Prior to signing the agreement the wife had spoken with two attorneys, one of whom was the attorney representing her at the hearing on the motion to withdraw the agreement. However, when the parties reached an agreement concerning the custody of the children — they would share joint custody of the children with the children residing with the husband in the marital home — she decided not to obtain an attorney.
The wife admitted that the husband suggested several times that she obtain her own attorney and that while she had the opportunity to obtain legal counsel, she did not. Additionally, we would note that in her motion to withdraw the agreement, the wife admitted that although the husband’s attorney advised her to consult with an attorney, she did not obtain legal counsel prior to executing the agreement.
Further, the wife admitted during her testimony that she did not voice any objections to signing the agreement and that she willingly signed the agreement.
The wife contends that she was emotionally distraught on the day that the agreement was signed and that she was crying while at the office of the husband’s attorney. However, the wife admitted that the husband was also crying on the day that the paperwork was signed. The husband’s attorney, who ■has handled numerous uncontested divorces, testified that it is not unusual for the parties to a divorce to cry while in his office.
We would note that the testimony reveals that the husband and the wife went to the office of the husband’s attorney twice on March 27, 1995. On their initial visit, they arrived separately for an appointment, which had been scheduled with the husband’s attorney for the morning of March 27,1995.
The husband’s attorney testified that after their arrival, he met with the wife and advised her that he represented the husband and that it would be in her best interests to consult with an attorney. Additionally, the husband’s attorney indicated that he has certain standard questions that he asks the unrepresented party in such a situation and that the wife’s responses to these questions did not trigger any warning bells.
The husband’s attorney testified that he had prepared a rough draft of the agreement and that the three of them reviewed the agreement paragraph by paragraph. The husband’s attorney stated that the wife contributed to the discussion regarding changes made in the agreement. The husband’s attorney testified that, in fact, it was the wife *615 who provided the time period for her to vacate the marital home.
After the initial meeting, the parties left the office of the husband’s attorney. After arriving home, the wife began compiling a list of personal property that she desired to receive. The list was incorporated into the agreement.
Additionally, the wife made some telephone calls about apartments. She admitted that she requested the husband to accompany her to look at the apartments. After they looked at the apartments, they went to lunch and then returned to the office of the husband’s attorney to sign the paperwork.
The husband testified that while both of them cried that day, the wife never voiced any objections or said that she was having second thoughts. The husband’s attorney testified that if there had been any indication of duress, in any form or fashion, he would have stopped and would not have proceeded any further with the execution of the paperwork. The husband’s attorney testified that there have been occasions when he has halted the execution of divorce paperwork.
The husband testified that the wife did not cry after executing the agreement until her parents called. The wife admitted that when she relayed the terms of the agreement to her parents, her mother became upset and told the wife that she had made a mistake and that she should take whatever steps necessary to stop the proceedings.
We would note that the wife relies heavily on Elliott v. Elliott, 667 So.2d 116 (Ala.Civ.App.1995). However, we find that the facts in the present case distinguish it from Elliott.
In Elliott, there was uncontroverted testimony by the wife’s co-worker and supervisor, which described the husband’s repeated harassment of the wife and the effect that it had upon her. Additionally, the husband in Elliott was a member of the bar, and he used his superior knowledge of the law to harass and to deceive the wife.
In the present case, it is undisputed that the wife had ample opportunity to obtain legal counsel prior to executing the agreement and that she made a conscious decision not to seek legal counsel.
In light of the above, it appears that there was ample evidence to support the trial court’s decision to ratify the March 27, 1995, agreement executed by the parties. Put another way, it would appear that the wife was not under duress at the time she executed the March 27,1995, agreement.
The husband’s request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.