Andora Baker ("the wife") appeals from a judgment denying her Rule 60(b)(6), Ala.R.Civ.P., motion for relief from a judgment *Page 660 
divorcing her from Cornelius Baker, Sr. ("the husband"). The wife argues that the divorce judgment is due to be set aside because, she says, it was obtained by duress.
The parties were married in 1989. They have three children. On October 17, 2000, they had an argument during which the wife left the house in her vehicle, telephoned the husband on her cellular telephone, and informed him that she was going to take the children and leave him. Shortly after that conversation, the wife noticed that the husband and his brother were pursuing her vehicle in the husband's truck. At an intersection, the husband "hemmed in" the wife's vehicle with his truck. The husband got out of his truck, walked to the driver's side of the wife's vehicle, and demanded that the wife get out of her car. When the wife refused, the husband kicked in the driver's side window of the wife's car. Opening her car door, the husband repeated his demand that the wife get out of the car; the wife continued to refuse. The husband then reached into her car, grabbed the wife by the shoulders, and pulled her out of the car, causing her to fall to the ground. The husband drove away in the wife's car; the husband's brother left the scene in the husband's truck. The wife testified that, as she lay on the ground alone, she had a seizure. She was transported by ambulance to a local hospital where she was treated and released that night. She spent the night with a girlfriend.
According to the wife, the husband picked her up the next morning and took her to his attorney's office. The wife testified that she went with the husband because she was afraid of what he would do if she refused. When the parties arrived at the husband's attorney's office, no attorney was present. The wife said that a secretary handed her some papers, which she read and signed. The wife did not talk to the husband's attorney on that day or on any other day. However, in December 2000, the wife consulted two attorneys on her own. The wife testified that although both of those attorneys told her that they could not help her, they summarized the documents for her. At trial, the husband introduced several documents, including a divorce settlement agreement, that the wife acknowledged she had signed on October 18, 2000.
The circuit court judge signed the parties' divorce judgment on January 22, 2001. The settlement agreement signed by the wife on October 18, 2000, was incorporated into the divorce judgment; it provided that the parties would share joint legal custody of the children, with the husband having sole physical custody and the wife having liberal visitation rights. The settlement agreement also stated that the wife, who was then unemployed, would owe no child support to the husband. The husband agreed to be responsible for the children's health insurance and for the wife's health insurance for 18 months. The husband was awarded the marital home and was responsible for the indebtedness thereon. The husband was also awarded a 1998 Nissan truck subject to the outstanding indebtedness on that vehicle. The wife was awarded a 1993 Toyota Camry automobile subject to the indebtedness on that vehicle. The divorce judgment stated that "any and all [other] personal property [had] been divided satisfactorily between the parties." At trial, the wife testified that she had received only three items from the marital home: a recliner, a television, and a curio cabinet containing her crystal. She stated that the parties had a joint bank account and that she had received none of the funds in that account. She said that, although she had read the settlement agreement before she signed it *Page 661 
on October 18, 2000, no one had explained it to her and she had not understood it. She testified that it was only in December 2000, after she had consulted two lawyers, that she understood that she had "lost her children and her home."
On January 4, 2002, nearly a year after the divorce judgment was entered, the husband filed a petition to modify the child-support provision of the judgment, seeking child support from the wife who, he alleged, had recently become employed. The husband's petition to modify was set for a hearing on May 6, and was continued to May 24. On May 24, the wife filed her motion to set aside the divorce judgment pursuant to Rule 60(b)(6).
At the hearing on the Rule 60(b) motion, the deposition of Dr. William S. Fleet, a Mobile neurologist who had been treating the wife since May 2000, was admitted. Noting that he could find no objective basis for believing that the wife actually suffered from seizures and stating that the wife's "psychological state made it so that her history was pretty unreliable," Dr. Fleet characterized the wife's reported seizure episodes as "pseudo-seizures." Explaining that the wife either believed she was having seizures when she was not or that she was "faking" seizures, Dr. Fleet said that he had referred the wife to a psychiatrist who diagnosed her as suffering from an "adjustment disorder." Following the hearing on the wife's Rule 60(b) motion, the trial court summarily denied the motion.
Rule 60(b) provides, in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; . . . (5) . . . it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken."
In Osborn v. Roche, 813 So.2d 811 815 (Ala. 2001), our supreme court reiterated the standard of review for motions made pursuant to Rule 60(b)(6):
 "'[T]he decision whether to grant or deny [a Rule 60(b)] motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion. Pierson v. Pierson, 347 So.2d 985 (Ala. 1977). In reviewing a ruling of a trial court on a Rule 60(b)(6) motion, the trial court's decision will not be disturbed unless it is determined "that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust." Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala. 1979), quoting Nunn v. Stone, 356 So.2d 1212
(Ala.Civ.App. 1978).'
"Ex parte Dowling, 477 So.2d 400, 402 (Ala. 1985)."
In Delchamps v. Delchamps, 449 So.2d 1249 (Ala.Civ.App. 1984), this court stated:
 "[W]here the trial court alone hears disputed evidence a presumption of correctness attends the court's findings and such findings will not be overturned except for palpable error, manifest unjustness, or where unsupported by the evidence. In deciding a rule 60(b) motion to set aside a judgment of divorce, the trial court has wide discretion, and its *Page 662 
determination will be reversed only for an abuse of that discretion."
449 So.2d at 1250 (citations omitted). In the absence of specific findings of fact, an appellate court will presume that the trial court made those findings necessary to support its judgment unless such findings would be clearly erroneous. See Ex parte Patronas, 693 So.2d 473,475 (Ala. 1997).
Although the wife's claim of duress might appear to fall under subsection (3) of Rule 60(b), she is foreclosed from obtaining relief pursuant to that subsection because she filed her motion 16 months after the divorce judgment was entered. Her remedy, if any, is therefore pursuant to subsection (6). In R.E. Grills, Inc. v. Davison, 641 So.2d 225,229 (Ala. 1994), our supreme court stated:
 "The `catch all' provision of clause (6) of Rule 60(b) allows a trial court to grant relief from a judgment for `any other reason justifying relief.' Barnett v. Ivey, 559 So.2d 1082, 1084 (Ala. 1990). '"Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice."' Chambers County Comm'rs v. Walker, 459 So.2d 861, 866 (Ala. 1984) (quoting Douglass v. Capital City Church of the Nazarene, 443 So.2d 917, 920 (Ala. 1983))."
The wife cites Elliott v. Elliott, 667 So.2d 116 (Ala.Civ.App. 1995), andDelchamps v. Delchamps, supra, in support of her argument that the divorce judgment should be set aside because it was obtained by duress. In Elliott, this court reversed a trial court's denial of a Rule 60(b) motion; in Delchamps, we affirmed a trial court's grant of a Rule 60(b) motion. In both cases, a party had sought to set aside a judgment on the basis of duress. In each case, we held that the trial court was presented with clear and convincing evidence indicating that a spouse had been subjected to improper pressure that overcame the spouse's will and caused the spouse to yield to demands to which, if the spouse had not been acting under duress, he or she would not have yielded. See Elliott, 667 So.2d at 118; Delchamps, 449 So.2d at 1250. In the present case, the trial court determined either that the wife's testimony was incredible or that the wife simply failed to show extraordinary circumstances justifying relief under Rule 60(b)(6). Under the ore tenus presumptions that apply here, we find no basis on which to conclude that the trial court was plainly and palpably wrong.
In light of Dr. Fleet's testimony, the trial court had reason to disbelieve or accord little weight to the wife's testimony. However, even assuming that the trial court believed the wife's testimony that she did not understand the provisions of the settlement agreement at the time she signed the papers in the office of the husband's attorney on October 18, 2000, the trial court could have concluded that the wife understood the import of the agreement by December 2000, when she had consulted two lawyers, but did nothing to prevent the entry of the judgment before January 22, when the court signed the divorce judgment. As this court stated in Delchamps, "the moving party must prove that [s]he was free from fault or negligence in suffering the judgment to be entered." 449 So.2d at 1250. Moreover, the trial court would have been warranted in finding that the wife took no action to have the divorce set aside until the husband filed a petition to modify the judgment, seeking to have the wife pay child support.
The wife also argues that the divorce judgment should be set aside because, she says, when she signed the settlement agreement she did not sign an "Acknowledgment of Non-Representation," as required by Rule 1.8(k)(1)-(4), Ala. R. Prof'l Conduct. That rule states: *Page 663 
 "(k) In no event shall a lawyer represent both parties in a divorce or domestic relations proceeding, or in matters involving custody of children, alimony or child support, whether or not contested. In an uncontested proceeding of this nature a lawyer may have contact with the non-represented party and shall be deemed to have complied with this prohibition if the non-represented party knowingly executes a document that is filed in such proceeding acknowledging:
 "(1) that the lawyer does not and cannot appear or serve as the lawyer for the non-represented party;
 "(2) that the lawyer represents only the client and will use the lawyer's best efforts to protect the client's best interests;
 "(3) that the non-represented party has the right to employ counsel of the party's own choosing and has been advised that it may be in the party's best interest to do so; and
 "(4) that having been advised of the foregoing, the non-represented party has requested the lawyer to prepare an answer and waiver under which the cause may be submitted without notice and such other pleadings and agreements as may be appropriate."
Assuming that there was a breach of Rule 1.8(k)(1)-(4) in this case, that breach would not justify setting aside the divorce judgment. SeeGaylard v. Homemakers of Montgomery, Inc., 675 So.2d 363 (Ala. 1996). InGaylard, our supreme court held that the Alabama Rules of Professional Conduct are internal bar regulations that do not affect the admissibility of evidence; the sole remedy for their violation is the "`imposition of [attorney] disciplinary measures.'" Gaylard, 675 So.2d at 367 (quotingTerry Cove North, Inc. v. Marr Friedlander, P.C., 521 So.2d 22, 24
(Ala. 1988)).
The parties' requests for an attorney fee on appeal are denied.
The judgment of the circuit court is affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.